UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants | |
| No Appearances | | Yaron Shaham<br>Michael Gerst | |

**Proceedings:** DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC.'S MOTION TO DISMISS (dkt. 10, filed September 12, 2013)

DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS (dkt. 13, filed September 16, 2013)

DEFENDANTS GREENHEAD INVESTMENTS INC. AND SIERRA PACIFIC MORTGAGE COMPANY INC.'S MOTION TO DISMISS (dkt. 16, filed September 16, 2013)

## I. INTRODUCTION

Plaintiff Vilma Ellis filed this action on July 22, 2013 against defendants Bank of America, N.A. ("BOA"), ReconTrust Company, N.A. ("ReconTrust"), Greentree Servicing LLC ("Greentree"), Mortgage Electronic Registration Systems Inc. ("MERS"), Sierra Pacific Mortgage Company Inc. ("Sierra"), Greenhead Investments Inc. ("Greenhead"), and Does 1 through 10 inclusive. Plaintiff's complaint asserts claims for (1) dissemination of false advertising (styled as "false advertisement") pursuant to 15 U.S.C. § 52; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; (4) violation of California Civil Code §§ 2923.5 et seq., 2924 et seq., 2932.5, and 1095; (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (6) false advertising (styled as "false advertisement") pursuant to Cal. Bus. & Prof. Code § 17500; and (7) Quiet Title.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

On September 12, 2013, MERS filed a motion to dismiss. On September 16, 2013, BOA filed a motion to dismiss. On September 16, 2013, Greenhead and Sierra filed a motion to dismiss. Plaintiff has not filed any oppositions. On October 28, 2013, the Court held a hearing. After considering the defendants' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff's allegations arise from a mortgage on her property, located at 4525 West Avenue K-10, Lancaster, CA 93536 ("the property"). Compl. ¶ 2. Plaintiff alleges that on March 8, 2006, she obtained two loans for $336,000.00 and $24,000.00, secured by two deeds of trust on the property. Id. ¶ 6.

After plaintiff fell behind on her payments on the $336,000 mortgage, defendants began foreclosure proceedings in August 2012 by executing a notice of default and subsequent notice of trustee's sale. Id. ¶¶ 9–12. The notice of default, dated March 18, 2011, indicates an arrearage of $45,921.16. A subsequent notice of default dated March 29, 2013 shows plaintiff's arrearage had grown to $105,698.27.

Although plaintiff's complaint is unclear about the proceedings subsequent to these notices of default, it appears that in April 2013, defendants rescinded the foreclosure. Id. ¶ 13. Plaintiff does not allege a pending foreclosure following this recission.

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

## IV. DISCUSSION

As an initial matter, the Court notes that plaintiff has failed to explain how she has been injured by defendants' conduct. The previous foreclosures were rescinded, and plaintiff does not allege a pending foreclosure proceeding. To have standing to bring her claims, "the plaintiff must have suffered an 'injury in fact.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Because defendants never foreclosed on the property, and there is no pending foreclosure, it is unclear what "injury in fact" plaintiff could have suffered which would give her standing to pursue her claims.

Additionally, defendant MERS has submitted a judicially noticeable deed indicating that plaintiff transferred her interest in the property to "Wizark, LLC" in 2006. MERS RJN Ex. C; see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding that a court may take judicial notice of public records when deciding a motion to dismiss pursuant to Rule 12(b)(6)). As "Wizark, LLC" is not a party to this action, and all of the alleged misconduct appears to have taken place after 2006, the Court concludes that plaintiff does not have standing to challenge defendants' conduct regarding the property.

In addition to these general defects, however, the Court also concludes that each of plaintiff's claims is individually deficient for the reasons set forth below.

### A. False Advertising

Plaintiff asserts a claim for dissemination of false advertising under both federal and California law. The Court begins with plaintiff's federal claim. Title 15 U.S.C. § 52 provides that "[i]t shall be unlawful for any person, partnership, or corporation to disseminate, or cause to be disseminated, any false advertisement." "The term 'advertising' means 'widespread promotional activities usually directed to the public at large[.]'" Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 600 F.3d 1092, 1098 (9th Cir. 2010). Here, plaintiff alleges that defendants sent notices which were addressed directly to her; these notices concerned the property at issue in this case. Nowhere does plaintiff allege that she received materials from defendants that constituted "widespread promotional activities directed to the public at large." Id. Because plaintiff does not allege that defendants engaged in advertising, the Court concludes that plaintiff has not stated a claim for dissemination of false advertisement under 15 U.S.C. § 52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

The Court next turns to plaintiff's claim for false advertising under state law. Cal. Bus. & Prof. Code § 17500 makes it unlawful "to make or disseminate or cause to be made or disseminated before the public . . . any statement . . . which is untrue or misleading."

Again, plaintiff does not allege that defendants disseminated an advertisement "before the public." Id. As previously discussed, defendants only sent plaintiff notices pertaining to her individual mortgage. Plaintiff does not allege that defendants addressed the public or attempted "to induce the public to enter into any obligation." Id. The absence of an advertisement is fatal to plaintiff's claim that defendants violated Cal. Bus. & Prof. Code § 17500.

    **B.**    **FDCPA**

Plaintiff asserts a claim under the FDCPA. Plaintiff appears to claim that defendants tried to improperly collect on her debt by attempting to foreclose on the property. Plaintiff's claim fails, however, "because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA." Landayan v. Washington Mut. Bank, 2009 WL 3047238 (N.D. Cal. Sept. 18, 2009). "[F]oreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. Accordingly, any actions taken . . . in pursuit of the actual foreclosure may not be challenged as FDCPA violations." Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). The Court accordingly finds that plaintiff has failed to state a claim for violation of the FDCPA.

    **C.**    **RESPA**

Plaintiff asserts a claim under RESPA. To protect borrowers, RESPA sets forth a number of procedural obligations related to mortgage settlement and loan settlement. See, e.g., Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1012 (N.D. Cal. 2009). "RESPA . . . cannot serve as the basis for a wrongful foreclosure claim." Falcocchia v. Saxon Mortgage, Inc., 709 F. Supp. 2d 873, 887 (E.D. Cal. 2010). Here, plaintiff appears to claim defendants violated RESPA by trying to foreclose on the property; she does not allege any specific violations of RESPA's procedural requirements. The Court accordingly concludes that plaintiff has failed to state a claim under RESPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

**D.     California Civil Code Sections 2923 et seq., 2924 et seq., and 2932.5**

Plaintiff asserts a claim under Cal. Civ. Code §§ 2923 et seq., 2924 et seq., and 2932.5. These statutes "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). Among other requirements, these statutes mandate that " individual borrowers and lenders 'assess' and 'explore' alternatives to foreclosure," and that "[d]uring the foreclosure process, the debtor/trustor [be] given several opportunities to cure the default and avoid the loss of the property." Mabry v. Superior Court, 185 Cal. App. 4th 208, 223 (2010). Plaintiff appears to contend that defendants failed to comply with these statutory requirements when foreclosing on her home.

Under Cal. Civ. Code § 2924.12 "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale." Cal. Civ. Code § 2924.12. Here, plaintiff alleges that defendants "executed a notice of rescission of declaration of default and demand for sale and of notice of default and election to sell." Compl. ¶ 13, Ex. G. There is currently no foreclosure activity against the property and plaintiff does not allege that a trustee's sale ever took place. The Court accordingly concludes that section 2924.12 shields defendants from any liability for their alleged violations of statutory requirements, and that plaintiff's claim therefore fails.[1]

---

[1] Plaintiff also cites Cal. Civ. Code § 1095, which requires that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact." Plaintiff has not alleged that any attorney failed to subscribe his name to an instrument transferring an estate. To the extent that plaintiff bases her claim on section 1095, that claim fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

### F. Unfair Competition

Plaintiff asserts that defendants violated California's Unfair Competition Law, which prohibits "unfair competition . . . , includ[ing] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A "private person has standing to bring a UCL action only if he or she has suffered injury in fact and has lost money or property as a result of the unfair competition." Durell v. Sharp Healthcare, 183 Cal. App4th 1350, 1359 (2010). As previously discussed, because defendants never foreclosed on the property, plaintiff cannot allege that she has suffered injuries sufficient to support a UCL claim.

Furthermore, plaintiff seems to rest her UCL claim on her allegations that defendants violated Cal. Civ. Code §§ 2923 et seq., 2924 et seq., 2923.5, and 1095, as well as Cal. Bus. & Prof. Code § 17500. "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law . . . . If the [underlying] claim is dismissed, then there is no 'unlawful' act upon which to base the derivative Unfair Competition claim." Ingels v. Westwood One Broad. Servs., Inc., 129 Cal. App. 4th 1050, 1060 (2005). The Court has previously discussed plaintiff's failure to state claims under Cal. Civ. Code §§ 2923.5 et seq., 2924 et seq., 2923.5, and 1095 and Cal. Bus. & Prof. Code § 17500. The Court accordingly finds that plaintiff's UCL claim should be dismissed as well.

### G. Quiet Title

Plaintiff asserts a claim for quiet title. "A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). The Court finds that plaintiff has failed to state a claim for the following reasons.

First, as plaintiff concedes, there is no foreclosure pending against the property. "[A] quiet title action requires the plaintiff to acknowledge some adverse claim to its title in order to establish a legal controversy." Harbour Vista, LLC v. HSBC Mortgage Servs. Inc., 201 Cal. App. 4th 1496, 1504 (2011). Plaintiff has not acknowledged any adverse claim against her property beyond the presumably valid mortgage deeds she executed to secure her mortgage loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5257-CAS-(AGRx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | VILMA ELLIS V. BANK OF AMERICA, N.A., ET AL. | | |

Second, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984). Plaintiff appears to have an outstanding loan, but does not allege having offered to pay the balance of that loan. Because plaintiff has not alleged tender, she cannot bring a claim for quiet title.

V.    CONCLUSION

Based on the foregoing, the Court hereby GRANTS defendants' motions to dismiss without prejudice. Plaintiff shall have leave to file an amended complaint no later than **November 25, 2013**, to correct the deficiencies identified herein. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | MS | |